## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**NURIATH A. VERGARA,**

   **Plaintiff,**

**vs.**

**OLLIE'S BARGAIN OUTLET, INC., OLLIE'S BARGAIN OUTLET, AND JOHN DOE,**

   **Defendants.**

**CIVIL ACTION FILE NO.**

_____

## NOTICE OF REMOVAL

Ollie's Bargain Outlet, Inc. ("Defendant") submits this Notice of Removal of this action from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing as follows:

1.

Defendant is the only named and proper defendant in a civil action brought in the State Court of Gwinnett County, Georgia, styled *Nariath A. Vergara v. Ollie's Bargain Outlet, Inc., Ollie's Bargain Outlet, and John Doe*, Civil Action File no. 21-C-08230-S3. Attached hereto are:

- Exhibit "A": the Complaint filed by Plaintiff in the State Court of

1

Gwinnett County;

- Exhibit "B":  the Summons issued by the Clerk of the State Court of Gwinnett County for Ollie's Bargain Outlet, Inc.;

- Exhibit "C": the General Civil and Domestic Relations Case Filing Information Form filed in the State Court of Gwinnett County;

- Exhibit "D": the Affidavit of Service on Ollie's Bargain Outlet, Inc.; and

- Exhibit "E": a Certificate of Service of Discovery filed by Plaintiff.

Exhibits "A" through "E" comprise all process, pleadings, and orders served on or currently in the possession of Defendants.

2.

This action was commenced by the filing of Plaintiff's Complaint on November 16, 2021.

3.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional requirement of $75,000.00, excluding interest and costs.

4.

**Amount in Controversy.** This case arises from a slip and fall incident and Plaintiff has alleged and specified the following claims for damages in her Complaint such that the pleadings demonstrate that the amount in controversy exceeds the jurisdictional requirement of $75,000.00. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010):

- As a result of Plaintiff's fall, she **suffered injuries including pain in her back and right knee**. (Complaint, ¶ 12)(emphasis added).

- Plaintiff suffered **severe pain and suffering** as a result of the fall. (Complaint, ¶ 13) (emphasis added).

- Plaintiff incurred **medical expenses** for treatment of her injuries in the amount **of at least $38,123.99**. (Complaint, ¶ 14) (emphasis added).

- Plaintiff **will continue to suffer both general and special damages** in the future, including expenses for **future medical treatment** and **future pain and suffering, past and future wage loss**, the exact amount to be proven at trial. (Complaint, ¶ 15) (emphasis added).

- Defendant has acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this

claim when there is no bona fide controversy. Accordingly, **Plaintiff seeks attorney's fees and expenses of litigation** pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.  (Complaint, ¶ 32) (emphasis added).

- By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and **the conduct of these Defendants are so aggravating as to warrant, justify, and demand the imposition of punitive damages** pursuant to O.C.G.A. §5 1-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct m the future. Plaintiff hereby specifically pleads for the imposition of punitive damages. (Complaint, ¶ 34) (emphasis added).

The "jurisdictional amount may be apparent on the face of the Complaint if the language clearly alleges extensive damages such as long-term medical expenses, mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries." Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). This

4

court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the jurisdictional amount is met. Pretka v. Kolter City Plaza II, Inc., 22 Fla. L. Weekly Fed. C 949 (U.S. 11th Cir. 2010). Courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Hickerson v. Enter. Leasing Co. of Ga., LLC, 818 F. App'x 880, 883 (11th Cir. 2020).

Additionally, other similar cases in this district have found the amount in controversy satisfied and removal proper with similar claims of injuries and damages. In Petukh v. Neutron Holdings, Inc., No. 1:20-CV-2382-CC, 2021 U.S. Dist. LEXIS 69011 (N.D. Ga. Mar. 30, 2021), the plaintiff sustained injury to his knee while riding an electric scooter. The plaintiff required surgery and physical therapy and alleged past medical expenses "an amount not less than $45,000.00." Id. at *3. The plaintiff also alleged general damages for bodily injury; permanent injury and impairment; past and future pain and suffering; loss of enjoyment of life; loss of capacity to work and labor; and punitive damages. Judge Cooper found that given the at least $45,000.00 that the plaintiff sought for his past medical expenses alone, his alleged injuries, and the other categories of damages sought, and the Court's reliance on its judicial experience and common sense, concluded the defendant has carried its burden of establishing that the amount in controversy in this case more

likely than not exceeds $75,000.00. Id. at *7

Here, Plaintiff has alleged past medical expenses **of at least** $38,123.99, as well as other categories of damages including severe pain and suffering, future medical expenses, future pain and suffering, past and future wage loss, attorney's fees and expenses of litigation, as well as for punitive damages.

And, although Defendant denies that Plaintiff is entitled to such recovery, given the amount of special damages alleged and the seriousness of the allegations in Plaintiff's Complaint, experience and common-sense lead to the conclusion that the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

5.

**Timeliness.** Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely. It is filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading.  Specifically, Defendant has received notice and service of Plaintiff's Complaint on November 22, 2021 and file this Removal within 30 days of such date.

6.

**Diversity of Citizenship.** Plaintiff was at the time of the commencement of this action and still is a citizen of the state of Georgia. (*See* Complaint (Ex. "A"), ¶ 1.)

6

7.

Defendant Ollie's Bargain Outlet, Inc. is, and was at the time of the commencement of this action, a citizen of Pennsylvania. Defendant is a corporation organized under the laws of the State of Pennsylvania with a principal place of business in Pennsylvania. (*See* Complaint (Ex. "A"), ¶ 2.)

Defendant "Ollie's Bargain Outlet" as alleged by Plaintiff in her Complaint is a non-entity and should not be considered in the removal of this action.

The citizenship of the John Doe defendant is irrelevant because "in determining whether a civil action is removable on the basis of [diversity] jurisdiction . . ., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

8.

This action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

WHEREFORE, Defendant prays that this Notice Removal be filed, this action be removed to and proceed in this Court, and no further proceedings be had in the State Court of Gwinnett County, Georgia.

Respectfully submitted this 22nd day of December, 2021.

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hpylaw.com
eream@hpylaw.com

*/s/ Elliott C. Ream*
Warner S. Fox
Georgia Bar No. 272654
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Ollie's Bargain Outlet, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**NURIATH A. VERGARA,**

      **Plaintiff,**

**vs.**

**OLLIE'S BARGAIN OUTLET, INC., OLLIE'S BARGAIN OUTLET, AND JOHN DOE,**

      **Defendants.**

**CIVIL ACTION FILE NO.**

**_____**

### CERTIFICATE OF SERVICE

I have this date caused to be served on all counsel a true and correct copy of the foregoing ***Defendant Ollie's Bargain Outlet, Inc.'s Notice of Removal*** by filing same into the PACER system for the Northern District of Georgia which automatically serves notice to counsel and parties of record, to include:

Marcus Thorpe
Jonathan Rosenburg
Bader Scott Injury Lawyers
3384 Peachtree Road NE, Suite 500
Atlanta, GA 30326
marcusthorpe@baderscott.com
jonathanrosenburg@baderscott.com

This 22nd day of December, 2021.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, N.E., Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400, (404) 614-7500 (fax)
eream@hpylaw.com

*/s/ Elliott C. Ream*

Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant Ollie's Bargain
Outlet, Inc.*