# EXHIBIT A

C202111290006383
Case 1:21-cv-05240-WMR   Document 1-1   Filed 12/22/21   Page 2 of 9

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08230-S3**
**11/16/2021 12:52 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NURIATH A. VERGARA, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | |
| | * | 21-C-08230-S3 |
| OLLIE'S BARGAIN OUTLET, INC., | * | |
| OLLIE'S BARGAIN OUTLET, | * | |
| AND JOHN DOE, | * | |
| | * | |
| Defendants. | * | |

### COMPLAINT FOR DAMAGES

COMES NOW, NURIATH A. VERGARA, hereinafter "Plaintiff", by and through her undersigned counsel, file this Complaint for Damages against Defendant and shows this Honorable Court as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant OLLIE'S BARGAIN OUTLET, INC. is a foreign profit corporation registered to do business and doing business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

PMA CRDATE 11292021

3.

Defendant OLLIE'S BARGAIN OUTLET is a domestic corporation registered to do business and doing business in the state of Georgia, and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant at 2420 Wisteria Dr. SW #8, Snellville, GA 30078.

4.

Defendant JOHN DOE, is the unknown and unidentified store supervisor who may be partially responsible for Plaintiff's injuries. Service of process may be perfected upon this Defendant at 2420 Wisteria Dr. SW #8, Snellville, GA 30078.

5.

Defendants are subject to the jurisdiction of this Court.

6.

This Court has jurisdiction over the subject matter of this action.

7.

Venue is proper in this Court.

## BACKGROUND

8.

On or about December 21, 2019, Plaintiff was an invitee at the Defendant's Ollie's Bargain Outlet store located at 2420 Wisteria Dr. SW #8, Snelville, GA 30078.

9.

Defendants have ownership, possession, and control over the premises at all times relevant to this litigation.

10.

Plaintiff was occupying an open area permitted to patrons of the premises at all relevant times when Plaintiff slipped and fell on an unidentified liquid.

11.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

12.

As a result of Plaintiff's fall, she suffered injuries including pain in her back and right knee.

13.

Plaintiff suffered severe pain and suffering as a result of the fall.

14.

Plaintiff incurred medical expenses for treatment of her injuries in the amount of at least $38,123.99.

15.

Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, past and future wage loss, the exact amount to be proven at trial.

**COUNT I**
**NEGLIGENT MAINTENANCE OF PREMISES**

16.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

17.

Defendants had actual or constructive knowledge of the liquid substance creating a hazardos condition for patrons of Defendant's premises, including Plaintiff.

18.

Plaintiff had no knowledge of the hazardous condition of the floor, despite Plaintiff's exercise of ordinary care.

19.

Defendants' knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

20.

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

21.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from hazards and other objects on the premises, and in failing to keep the premises safe for invitees.

22.

Defendants were negligent in failing to warn Plaintiff of the hazardous condition of the premises.

23.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

## COUNT II
## VICARIOUS LIABILITY

24.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

25.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

26.

Defendant Ollie's Bargain Outlet, Inc. is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

## COUNT III
## NEGLIGENT TRAINING & SUPERVISION

27.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

28.

Defendants were negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

29.

Defendant Ollie's Bargain Outlet was negligent in training and supervising its staff.

30.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT IV
## UNLIQUIDATED DAMAGES ACT

31.

Plaintiff re-alleges and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

32.

Defendant has acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

33.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred damages including but not limited to medical expenses for treatment of her injuries, pain, emotional distress, and general inconvenience.

34.

By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants are so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter

Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in the following particulars:

a) Plaintiff be awarded general damages to fully compensate her for her pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b) Plaintiff be awarded special damages in an amount of at least $38,123.99 the exact amount to be proven at trial to fully compensate her for her medical bills;

c) Plaintiff be awarded special damages in an exact amount to be proven at trial to fully compensate her for her future medical expenses;

d) Plaintiff be awarded general damages to fully compensate her for her pain and suffering and other human losses in an amount to be determined at trial;

e) Plaintiff be awarded attorney fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11;

f) Plaintiff be awarded attorney fees and expenses of litigation as Defendants have acted in bad faith, in violation of O.C.G.A. § 9-15-14 and O.C.G.A. § 33-4-6.

g) Plaintiff be awarded punitive damages pursuant to O.C.G.A. §51-12-5.1;

h) Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

i) Process be issued requiring the Defendant to answer according to law; and

j) Plaintiff be granted such further and other relief as is just and proper.

*[Signature on Page to Follow]*

Respectfully submitted this 16th day of November, 2021.

                        **BADER SCOTT INJURY LAWYERS**

                        */s/ Marcus Thorpe*

                        **Marcus Thorpe**
                        Georgia Bar # 585108
                        **Jonathan Rosenburg**
                        Georgia Bar # 274204
                        *Attorneys for Plaintiff Nuriath A. Vergara*

**BADER SCOTT INJURY LAWYERS**
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
marcusthorpe@baderscott.com